IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ISAIAH WILSON, JR., as Personal Representative of the Estate of Jerone Wilson; and THELMA S. FIGGS, as Personal Representative of the Estate of Robert A. Figgs, Sr., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No.: 5:22-cv-00316-M-RJ |
| GLANZER FLOYD JOLLY; ANTHONY TAYLOR; PETER OPTEKAR; RONNIE BROPHY; DENNIS PETERSON; SILAS ROLLINS; and DONALD STRINGFELLOW, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No.: 5:22-cv-00317-M-RN |
| RONNIE MANNS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No.: 7:22-cv-00136-M-RJ |

| | |
|---|---|
| DONALD STRINGFELLOW, on behalf of himself and all others similarly situated ) ) ) | Civil Action No.: 7:22-cv-00145-M-KS |
| Plaintiff, ) | |
| v. ) | |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |
| | |
| ELIZABETH S. AKERS, as Personal Representative of the Estate of PAUL C. AKERS, ) ) ) | Civil Action No.: 7:22-cv-00154-M-RJ |
| Plaintiff, ) | |
| v. ) | |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

## ORDER ON MOTIONS TO CONSOLIDATE

These matters come before the court on the joint motions for consolidation filed by the parties in the above-captioned cases [DE 11, 13, 10, 14, and 9, respectively].[1] The motions are DENIED with respect to the requests for consolidation.

The United States further argues that Plaintiffs have not complied with the administrative exhaustion requirement in the Camp Lejeune Justice Act of 2022, Pub. L. No. 117-168, § 804(h), 136 Stat. 1802 (2022) ("CLJA" or "Act"), which provides that "[a]n individual may not bring an action under this section before complying with section 2675 of title 28, United States Code."

---

[1] The motions include a caption for Case No. 7:22-cv-00150-M-BM, but no motion is currently pending in that case.

Considering the timing of the Plaintiffs' lawsuits, it is possible that the United States is correct. *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993). Therefore, on or before October 25, 2022, the Plaintiffs shall file with the court copies of documents and/or testimony demonstrating their compliance with section 804(h) of the CLJA, including the date on which each Plaintiff submitted a claim under 28 U.S.C. § 2675 and the CLJA and the date on which the United States denied relief under section 804(h).

To further assist the court with its determination whether these actions should be dismissed without prejudice for failure to exhaust administrative remedies, the Plaintiffs in each case may file on or before October 25, 2022, a brief no longer than ten pages explaining how filing an administrative claim under 28 U.S.C. § 2675 before the CLJA became law complies with the Act's administrative exhaustion requirement in section 804(h). The United States shall respond in a brief no longer than ten pages in each case on or before November 8, 2022, and the Plaintiffs may file a reply brief in each case no longer than three pages on or before November 15, 2022.

SO ORDERED this 4th day of October, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE